## THE PEOPLE *v.* JOHN McCORMACK.

On a complaint against a person as a disorderly person, for neglecting to support his wife, evidence showing that the parties had for many years lived as husband and wife, is competent to prove the marriage.

It is not the province of a writ of *habeas corpus* to review errors in an adjudication of an inferior tribunal, nor the sufficiency of evidence before it; it is only to ascertain whether there was jurisdiction to pronounce the sentence of commitment, and whether the commitment is in due form.

Forms of writ of *certiorari* to review, before the General Term, proceedings on *habeas corpus,* before Judge at Chambers, of affidavit on which it was allowed, and of return thereto.

Also forms of *habeas corpus* and *certiorari* issued by Judge at Chambers, and of petitions on which they were allowed, and returns thereto.

THIS case came before the General Term on a *certiorari* directed to Mr. Justice Peabody, for the purpose of reviewing proceedings had before him on a writ of *habeas corpus.*

The writ of. *certiorari* was allowed upon the following affidavit:

NEW YORK SUPREME COURT.

In the matter of The People of the State of New York

*vs.*

John McCormack.

*State of New York, City and County of New York, ss:*

*Robert Johnstone,* being duly sworn, saith: That a certain writ of *habeas corpus,* and also a certain writ of *certiorari,* were issued on or about the 19th day of February, 1857, by Charles A. Peabody, Esq., one of the Justices of the Supreme Court of the State of New York, returnable before him, directed respectively to the keeper of the city prison, and Michael Connolly, Esq., one of the police justices of said city, requiring them to produce before him, the said justice, the body of John McCormack, detained by him, the said keeper, with the time and cause of his imprisonment, and to certify fully and at large the records and proceedings had and taken in and about such imprisonment and detention; that returns were duly made to said writs, by which it appeared that said John McCormack was detained by the said keeper, under and by virtue of a certain warrant of commitment issued by said Michael Connolly, as such police justice, as being a disorderly person, and also by virtue of a certain commitment issued by said police justice to hold said McCormack for examination upon a charge of bigamy, and that said returns were traversed, and such proceedings were thereupon had that said Charles A. Peabody, justice as aforesaid, did remand said John McCormack; and this deponent further saith, said order and direction of said justice, remanding said John McCormack, was, as deponent believes, erroneous, and said John McCormack should have been discharged, inasmuch as according to deponent's opinion and belief, there was no competent evidence whatever showing that any criminal offence had been committed, of which there was any probable or any cause to believe said

McCormack guilty, and that said commitments were wholly without jurisdiction and void.

ROBERT JOHNSTONE.

Sworn to before me, this 3d
　　day of March, 1857,

W. H. DUSENBERRY, *Commissioner of Deeds.*

The writ of *certiorari* was as follows .

The People of the State of New York to Charles A. Peabody, Esq., one of Justices of the Supreme Court of the State of New York, *Greeting:*

Whereas, we have been informed that certain proceedings were had before you on behalf of John McCormack, lately convicted of being a disorderly person, that is [L. S.] to say, a person who had abandoned his wife and child in the city of New York, without adequate support, and in danger of becoming a burden on the public, and neglected and refused to provide for them according to his means, whereby an order was made by you on the 21st day of February, 1857, allowing a certain writ of *habeas corpus,* directed to John Gray, keeper of the city prison of the city and county of New York, commanding him to bring before you, the said justice, the body of the said John McCormack, together with the time and cause of his imprisonment, and also allowing a certain writ of *certiorari,* directed to Michael Connolly, Esq., one of the police justices of the said city, commanding him to certify fully and at large to the justices of our Supreme Court, the day and cause of his imprisonment aforesaid, and whereby a certain other order was made by you in said proceedings, upon the return of said writs, on the 21st day of February, in the year aforesaid, remanding the said John McCormack, and we being willing, for certain reasons, to be certified of the said proceedings, writs and orders, and all things appertaining thereto, do command you that you certify the same, with all things appertaining thereto, unto our justices of our Supreme Court, at the City Hall, in the city of New York, on the 16th day of March, 1857, under your seal,

as fully and amply as the same remain before you, that our said justices may cause to be done further thereupon what of right and according to law ought to be done, and have you then there this writ.

Witness, William Mitchell, Esq., Justice of the Supreme Court, at the City Hall, in the city of New York, the 3d day of March, 1857.

RICHARD B. CONNOLLY, *Clerk.*

ROBERT JOHNSTONE, *Attorney.*

Within writ allowed this 3d day of March, 1857.

HENRY E. DAVIES.

To which Mr. Justice Peabody made the following return:

The proceedings hereinafter set forth constitute my return to the within writ.

C. A. PEABODY.

### PETITION FOR HABEAS CORPUS.

*To the Hon. Charles A. Peabody:*

The petition of Martha Jane McCormack shows that John McCormack is now detained and imprisoned in the city prison of New York city, and that he is not committed or detained by virtue of any process issued by any court of the United States, or by any judge thereof, nor is he committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of any execution issued upon such judgment or decree: that the cause or pretence of such imprisonment, according to the best of the knowledge and belief of your petitioner, is that he has been arrested on a warrant issued by Michael Connolly, one of the police justices for the city of New York, on a charge of abandoning one Bridget Moore, who claims to be his wife. That on an examination before said Michael Connolly, Esq., on the testimony of said Bridget, uncorroborated, as your petitioner is informed and believes, the said Michael Connolly decided the said John McCormack to be the husband of the

said Bridget, and remanded him to the city prison until he can give security for her support. Whereas, your petitioner avers that she, your petitioner, is the wife of the said McCormack; wherefore your petitioner prays that a writ of *habeas corpus* issue directed to the keeper of said prison, commanding him to produce the body of the said John McCormack before this honorable court, that he may be relieved of his present illegal imprisonment.

MARTHA JANE McCORMACK.

Dated the 14th day of February, 1857.

*City and County of New York, ss:*

*Martha Jane McCormack,* being duly sworn, doth depose and say, that the facts set forth in the above petition, subscribed by her, are true.

MARTHA JANE McCORMACK.

Sworn before me this 14th }
   day of February, 1857,   }

THOMAS PEARSON, *Commissioner of Deeds.*

### WRIT OF HABEAS CORPUS.

The People of the State of New York, to John Gray, Esq., Warden of the City Prison, *Greeting:*

We command you that you have the body of John McCormack, by you imprisoned and detained, as it is said, together with the time and cause of such imprisonment and detention, by whatsoever name he shall be called or charged, before the Hon. Charles A. Peabody, Justice of the Supreme Court, at the Chambers thereof, on the 16th day of February, 1857, at 10 o'clock, A. M., to do and receive what shall then and there be considered concerning him; and have you then there this writ.

[L. S.]

Witness, William Mitchell, Esq., Justice, the 14th day of February, 1857.

RICHARD B. CONNOLLY, *Clerk.*

ROBERT JOHNSTONE, *Attorney.*

I allow the within writ.

C. A. PEABODY, *Justice.*

February 14, 1857.

The return to said writ of *habeas corpus* was as follows:

To the said writ of *habeus corpus* return was duly made by the said John Gray, in the words and figures following, to wit:

I, John Gray, Warden of the City Prison of the city of New York, hereby return to the annexed writ, that I hold and retain the said John McCormack, therein named, in my custody, under and by virtue of a certain warrant of commitment, a copy whereof is hereto annexed, and the original whereof I now produce.

> JOHN GRAY, *Warden.*

COMMITMENT ON CONVICTION AS A DISORDERLY PERSON.

*State of New York, City and County of New York, ss:*

By Michael Connolly, Esquire, one of the police justices for preserving the peace in the city of New York, to the constables and policemen of the said city, and every of them; and to the keeper of the city prison of the city of New York:

These are in the name of the People of the State of New York, to command you, the said constables and policemen, to convey to the said city prison the body [L. S.] of John McCormack, who was charged before me with being a disorderly person, viz.: a person who had abandoned his wife, Bridget McCormack, in the city and county of New York, aforesaid, without adequate support, and who refused and neglected to provide for her and his two children according to his means: and upon examination of said matter, in the presence of said John McCormack, it appearing to me, by competent testimony, and from the facts and circumstances of the case, that his conduct amounted to such desertion and neglect to provide for his wife and children, I did adjudge and determine that he was such a disorderly person; whereupon, he was ordered to find surety in the sum of five hundred dollars, for his good behavior for the term of one year, and having neglected to find such surety, and I having made up, signed and filed in the county clerk's office a

The People *v.* McCormack.

record of the conviction of the said John McCormack as a disorderly person, according to the statute, you, the said keeper, are hereby commanded to receive into your custody the body of the said John McCormack, and him safely keep in the said prison, until he shall find such surety as aforesaid, or be thence delivered by due course of law.

Given under my hand and seal, at the first district police police court, in the said city, this 14th day of February, 1857.

(Signed)

MICHAEL CONNOLLY.

### TRAVERSE OF THE RETURN

In the matter of the detention of John McCormack.

The answer of John McCormack to the return to the annexed writ of *habeas corpus* shows, that this defendant denies that the magistrate had any authority to issue a warrant for the arrest of this defendant, or that there was any competent evidence before him showing that this defendant had been guilty of any criminal offence, to authorize or justify the issuing of said warrant of commitment.

JOHN McCORMACK.

### PETITION FOR CERTIORARI.

*To the Hon. Charles A. Peabody:*

The petition of Martha Jane McCormack shows that John McCormack is now detained and imprisoned in the city prison, in the city of New York, and that he is not committed or detained by virtue of any process issued by any court of the United States, or by any judge thereof; nor is he committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of any execution issued upon such judgment or decree; that the cause or pretence of such imprisonment, according to the best of the knowledge and belief of your petitioner is,

that he has been, on the 14th day of February, 1857, arrested, on a warrant issued by Michael Connolly, Esq., police justice for this city, on a charge of abandoning one Bridget Moore, who alleges herself to be his wife; that on an examination before said Michael Connolly, and on the testimony of the said Bridget, uncorroborated, as your petitioner is informed and believes, the said Michael Connolly, Esq., decided the said John McCormack was legally married to said Bridget, and his marriage to deponent was void, notwithstanding your petitioner produced a certificate of marriage between herself and said McCormack, duly authenticated, and remanded said McCormack to prison until he will give security to support said Bridget, wherefore your petitioner prays that a writ of *certiorari* issue, directed to Michael Connolly, Esq., commanding him to certify before this honorable court, the day and cause of his imprisonment, and the affidavits on which he, the said McCormack, is detained.

<div align="right">MARTHA J. McCORMACK.</div>

Dated the 14th day of February, 1857.

*City and County of New York, ss:*

*Martha J. McCormack,* being duly sworn, doth depose and say, that the facts set forth in the above petition, subscribed by her, are true.

<div align="right">MARTHA J. McCORMACK.</div>

Sworn before me this 14th day }
        of February, 1857.        }

<div align="right">THOMAS PEARSON, *Commissioner of Deeds.*</div>

<div align="center">WRIT OF CERTIORARI.</div>

The People of the State of New York to Michael Connolly, Esq., Police Justice, *Greeting:*

We command you that you certify fully and at large to Charles A. Peabody, Esq., Justice of the Supreme Court, at the Chambers thereof, in the City Hall, on [L. S.] the 16th day of February, 1857, at 10 o'clock, A. M., the day and cause of the imprisonment of John McCormack, by you detained, as is said, by whatso-

ever name the said John McCormack shall be called or charged; and have you then this writ.

Witness, William Mitchell, Esq., Justice, the 14th day of February, 1857.

RICHARD B. CONNOLLY, *Clerk.*

ROBERT JOHNSTONE, *Attorney.*

I allow the within writ.

C. A. PEABODY.

February 14, 1857.

To the said writ of *certiorari*, the said Michael Connolly, police justice, did certify and return that he had committed the said John McCormack, in default of finding sureties to be of good behavior to the People of the State of New York for one year, as recited in the foregoing commitment, and that the depositions and testimony taken before him, upon which said warrant of commitment was founded, were as follows—upon which it appeared to him, the ·said police justice, that the conduct of said John McCormack amounted to such abandonment and refusal to provide for his wife and child in the city of New York, as mentioned in the statute in such case made and provided.

[Here followed the testimony of Bridget McCormack, the complainant, stating that she was married to John McCormack in Ireland, in 1848, that she had lived with him since, both in Ireland and this country, several years, and that since the 9th of December last he had neglected to support her. There was also the testimony of several witnesses, showing that the parties had lived together several years as husband and wife, and the examination of the defendant.]

Mr. Justice Peabody concluded his return as follows:

That upon due consideration of the matter aforesaid, I did decide and adjudge that the warrant of commitment issued by the magistrate was regular and sufficient upon its face, and

that nothing appeared to show that the magistrate acted without his jurisdiction; and thereupon I did remand the said John McCormack, as provided by law.

                                        C. A. PEABODY.

Dated New York, 1857.

*Robert Johnstone,* for the defendant, cited *The People* v. *Cavanagh,* 2 *Park. Cr. R.,* 650 ; *ex parte Taylor,* 5 *Cowen R.,* 39 ; 2 *Kent Com.,* 28, 29 ; *People* v. *Tompkins,* 1 *Park. R.,* 233, 237 ; *People* v. *Martin, Ib.,* 188 ; 1 *Phil. Ev.,* 79 ; *Gilb. Law of Ev.,* 257 ; 3 *Russ. on Cr.,* 206 ; 1 *Phil. Ev.,* 79 ; *Davies' N. Y. City Laws,* 746, § 7 ; *King* v. *Cleviger,* 2 *T. R.,* 263 ; *Bishop on Divorce,* § 324.

*George H. Purser,* corporation attorney for the People, cited 2 *R. S.,* 4 *ed.,* 802, § 67 ; *Bennac* v. *The People,* 4 *Barb. S. C. R.,* 31, 164 ; 1 *Hill R.,* 377 ; 3 *Hill R.,* 658, 661, *note; People* v. *Cassels,* 5 *Hill R.,* 161 ; *People* v. *Cavanagh,* 2 *Park. Cr. R.,* 656 ; *People* v. *Martin,* 1 *Park. Cr. R.,* 195 ; *People* v. *Tompkins, Ib.,* 234 ; *Downing* v. *Ruger,* 21 *Wend. R.,* 185 ; *Barnes* v. *Camack,* 1 *Barb. S. C. R.,* 395 ; 1 *Phil. Ev.,* 78, 79 ; 1 *Greenl. Ev.,* § 343 ; *The People* v. *Chagary,* 18 *Wend. R.,* 642.

*By the Court,* MITCHELL, J.   The defendant was complained of as a disorderly person, for neglecting to support his wife. The justice received the affidavit of the wife, but there was also other evidence showing that the parties had for many years lived as husband and wife, both here and in Ireland.   That was competent evidence of the marriage.   The justice convicted the defendant, and issued his commitment in due form of law.   The defendant then was brought before a justice of this court on *habeas corpus.*   It is not the province of that writ to review errors in the adjudication of an inferior tribunal, nor the sufficiency of evidence before it; it is only to ascertain whether there was jurisdiction to pronounce the sentence of commitment, and whether the commitment is in due form.   The judge allowing the writ of *habeas corpus,* accordingly remanded the defendant to custody, and if he could have inquired into

the sufficiency of the evidence, he should have made the same decision.

The statute (2 *R. S.*, 717, § 42), in case of convictions before the Special Sessions, allows a *certiorari* to the Supreme Court, on which, if there was no trial by jury in the court below, the evidence may be looked into.    That course was not taken here.

The decision of the judge remanding the defendant to prison, must be affirmed.

<div align="right">

Proceedings affirmed.